


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

ORANGEBURG DIVISION

| | |
|---|---|
| General Drivers, Warehousemen and Helpers Local Union No. 509, affiliated with the International Brotherhood of Teamsters, AFL-CIO,<br><br>        Plaintiff,<br><br>v.<br><br>Albemarle Corporation,<br><br>        Defendant. | C/A No.5:05-3380-MBS<br><br>**OPINION AND ORDER** |

Plaintiff General Drivers, Warehouse and Helpers Local Union No. 509, affiliated with the International Brotherhood of Teamsters, AFL-CIO ("Plaintiff"), filed its complaint on December 2, 2005, seeking to compel arbitration against Defendant Albemarle Corporation ("Defendant") pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. Plaintiff is the exclusive bargaining representative of a unit of workers employed by Defendant in Orangeburg, South Carolina. The current collective bargaining agreement ("Bargaining Agreement") was entered into on June 22, 2004, and remains in full force and effect through May 25, 2007. Plaintiff alleges that Defendant refused to submit to arbitration to resolve two alleged breaches of the Bargaining Agreement. Defendant filed a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6) on December 29, 2005, in which it claimed that Plaintiff's complaint is untimely and should be dismissed. More specifically, Defendant argues that Section 10(b) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 160(b) governs this action and limits the period for actions

to compel arbitration to six months. Plaintiff filed a memorandum in opposition to Defendant's motion to dismiss on January 17, 2006. Plaintiff contends that the South Carolina limitations statute, codified at S.C. Code Ann. § 15-3-530 or S.C. Code Ann. § 15-3-560, is applicable in the current case and provides for a limitations period of three years.

## FACTS

On or about September 15, 2004, Defendant allegedly changed its company policies regarding the scheduling of vacation time of employees. Complaint, Exhibit 3. On September 20, 2004, Plaintiff delivered a written grievance, denominated as #OB-05-04, to Defendant asserting that Defendant's new vacation scheduling policy violated various provisions of the Bargaining Agreement. Complaint, ¶ 9. Defendant denied grievance #OB-05-04 on January 5, 2005.

On November 16, 2004, Defendant discharged Jason Etheredge, a bargaining unit member. Complaint, 8. On November 23, 2004, Plaintiff delivered a written grievance, denominated #OB-06-04, to Defendant alleging that Etheredge's termination was without cause in violation of Article VII, Section A of the Bargaining Agreement. Id. Defendant denied grievance # OB-06-04 on January 7, 2005. Id. ¶ 11.

On January 21, 2005, Plaintiff served notice to Defendant that it intended to submit grievances #OB-05-04 and #OB-06-04 to arbitration pursuant to Article VI and all applicable articles of the Bargaining Agreement. Id. ¶ 13. On February 18, 2005, Defendant refused to submit to arbitration with respect to grievance #OB-05-04.[1] Id. ¶ 14. Despite Defendant's clear refusal to

---

[1] Plaintiff and Defendant exchanged several letters after February 18, 2005, in which they debated various procedural issues. See Complaint, ¶¶ 15-19. Nevertheless, Defendant unequivocally refused to submit to arbitration on February 18, 2005, when its Human Resources Director stated that "this grievance [grievance #OB-05-04] is closed and not subject to arbitration." Complaint, Exhibit 8.

2

submit to arbitration, Plaintiff proceeded with the preparation of the required forms for arbitration. On May 4, 2005, Defendant refused to submit to arbitration on grievances #OB-05-04 and #OB-06-04. Id. ¶ 19. On May 20, 2005, Defendant mailed a letter to the arbitration panel claiming that the matter was not arbitrable and demanded that the panel close its file. Id. ¶ 21.

Plaintiff filed the instant action on December 2, 2005, which is more than six months after Defendant's unequivocal refusals to arbitrate grievance #OB-05-04 on February 18, 2005, and grievances #OB-05-04 and #OB-06-04 on May 4, 2005, and May 20, 2005.

## ANALYSIS

**Standard of Review**

A motion to dismiss for failure to state a claim upon which relief can be granted filed pursuant to FED. R. CIV. P. 12(b)(6) tests the legal sufficiency of a complaint. Schatz v. Rosenberg, 943 F.2d 485, 489 (4th Cir. 1991). While the complaint need not be minutely detailed, it must provide enough factual details to put the opposing party on fair notice of the claim and the grounds upon which it rests. Conley v. Gibson, 355 U.S. 41, 47 (1957); Karpel v. Inova Health Sys. Servs., 134 F.3d 1222, 1227 (4th Cir. 1998). The court must accept the allegations in the complaint as true, and all reasonable factual inferences must be drawn in favor of the party opposing the motion. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A statute of limitations defense is appropriately brought pursuant to FED. R. CIV. P. 12(b)(6) if the time bar is apparent from the face of the complaint. Dean v. Pilgrim's Pride Corp., 395 F.3d 471, 474 (4th Cir. 2005).

**Statute of Limitations**

The sole issue before the court is whether Plaintiff's complaint to compel arbitration was timely filed.[2] Section 301 of the LMRA confers jurisdiction on district courts for "[s]uits for violation of contracts between an employee and a labor organization . . . ." 28 U.S.C. § 185(a). Section 301 does not state the limitations period within with actions must be instituted. As such, the court must "borrow the most suitable statute or other rule of timeliness from some other source." Del Costello v. Teamsters, 462 U.S. 151, 158 (1983). In a hybrid Section 301 action brought by an employee alleging breach of a collective bargaining agreement, the United States Supreme Court in Del Costello relied on Section 10(b) of the NLRA and established that a six-month statute of limitations should apply in the Section 301 action. Id. at 169-70. Nevertheless, the Supreme Court added that it offered no opinion as to "[w]hether other § 301 suits different from the present one might call for the application of other rules on timeliness." Id. at 163. In the current case, Plaintiff's cause of action differs from the plaintiff in Del Costello to the extent that it seeks to compel arbitration under Section 301. As such, Del Costello does not declare the applicable statute of limitations to be applied in the current case.

Plaintiff contends that the court should look to state law to determine the applicable statute of limitations. The Supreme Court has held that the timeliness of a Section 301 suit based on a breach of contract "is to be determined, as a matter of federal law, by reference to the appropriate state statute of limitations." UAW v. Hoosier Cardinal Corp., 383 U.S. 696, 705 (1966). In that

---

[2] The United States Court of Appeals for the Fourth Circuit has held that the "court, rather than an arbitrator, has jurisdiction to determine whether the relevant statute of limitations bars an action to compel arbitration under § 301 of the NLRA." Local 1422, International Longshoremen's Ass'n v. South Carolina Stevedores Ass'n, 170 F.3d 407, 409 (4th Cir. 1999).

4

case, the Supreme Court applied the state's six-year statute of limitations for breach of contract. Id. Nevertheless, the Supreme Court has also held that a limitations period should be borrowed from federal law "when a rule from elsewhere in federal law clearly provides a closer analogy than available state statutes, and when the federal policies at stake and the practicalities of litigation make that rule a significantly more appropriate vehicle for interstitial lawmaking." Del Costello, 462 U.S. at 172.

Plaintiff, relying on the Supreme Court's reasoning from Hoosier Cardinal, believes that a determination of the applicable statute of limitations in the instant action, which involves a breach of contract claim, should be governed by state law. Under South Carolina law, a breach of contract action must be commenced within three years. See S.C. CODE ANN. § 15-3-530. In addition, "an action concerning or in any manner relating to wages claimed under a Federal statute or regulation" shall be commenced within one year. See S.C. CODE ANN. § 15-3-560. Plaintiff contends that its complaint is timely under either state statute since the captioned matter was filed within one year of Defendant's refusal to arbitrate.

Although the instant action involves an action to compel arbitration, Defendant contends that the same considerations enumerated in Del Costello should compel the court to apply the six-month period of limitations provided in Section 10(b) of the NLRA. The United States Court of Appeals for the Fourth Circuit has not ruled on this issue, but a majority of other circuit courts have concluded that actions to compel arbitration are governed by the six-month limitations period provided in Section 10(b) of the NLRA. See Local Union 674 v. A.P. Green Refractories, Inc., 895 F.2d 1053, 1054-55 (5th Cir. 1990) (concluding that applying Texas' four year statute of limitations in actions to compel arbitration "disserves the federal interest in 'the relatively rapid final resolution

of labor disputes.'" (quoting Del Costello, 462 U.S. at 168)); Communications Workers v. Western Elec. Co., 860 F.2d 1137, 1142 (1st Cir. 1988); Teamsters Local 174 v. Trick & Murray, Inc., 828 F.2d 1137 (9th Cir. 1988); Associated Brick Mason Contractors of Greater New York, Inc. v. Harrington, 820 F.2d 31 (2d Cir. 1987); McCreedy v. Local Union No. 971, 809 F.2d 1232 (6th Cir. 1987); Machinists Local 1688 v. Allied Prods. Corp., 786 F.2d 1561 (11th Cir. 1986); Westinghouse Indep. Salaries Unions v. Westinghouse Elec. Corp., 736 F.2d 896 (3d Cir. 1984). In addition, a district court in this circuit has held that actions to compel arbitration are governed by the six-month limitations period provided in Section 10(b) of the NLRA. See United Mine Workers v. Erwin Industries, Inc., 675 F.Supp. 1019 (N.D.W.Va. 1987).

The court concludes that actions to compel arbitration should be brought quickly to ensure resolution of labor disputes as soon as practicable. As such, suits to compel arbitration under Section 301 of the LMRA are better resolved if governed by the six-month limitations period provided for in Section 10(b) of the LMRA. This six-month period begins at the point that one of the parties clearly refuses to arbitrate the dispute. Plaintiff's complaint, on its face, is untimely as it seeks to compel arbitration more than six months after arbitration was unequivocally refused by Defendant.

For the foregoing reasons, Defendant's motion to dismiss is **granted**. The captioned matter is **dismissed with prejudice**.

**IT IS SO ORDERED.**

/s/ Margaret B. Seymour
United States District Judge

May 3, 2006
Columbia, South Carolina
.